NO. 07-01-0288-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 7, 2003


______________________________



JOJOS RESTAURANTS, INC
.,




 Appellant


v.



JERMAINE MCFADDEN AND MARIA MCFADDEN, 




 Appellees

_________________________________



FROM THE 129TH DISTRICT COURT OF HARRIS COUNTY;



NO. 98-38676; HON. PATRICK MIZELL, PRESIDING


_______________________________



On Motion for Rehearing


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Pending before the court is the motion of Jojos Restaurants, Inc. (Jojos) asking the
court to clarify or modify its judgment rendered in this cause on June 12, 2003. That is, it
asks the court to adjudicate who is to pay the costs of court incurred in the preparation for
trial and trial of the proceeding. By our judgment of June 12th, we reversed that of the trial
court and declared that Jermaine McFadden and Maria McFadden take nothing against
Jojos. Though we assessed court costs incident to the appeal against the McFaddens,
nothing was said about the court costs incurred in preparing for trial and trying the cause
below. Furthermore, Jojos represents to this court that a guardian ad litem allegedly
appointed by the trial court has made demand upon Jojos for payment of its fees incurred
in relation to the trial of the cause. See Tex. R. Civ. P. 173 (stating that ad litem fees may
be taxed as costs of court).

 According to Texas Rule of Civil Procedure 131, the successful party is generally
entitled to recover from its adversary all costs incurred. While a court may deviate from
this rule, it can do so only for good cause. Tex. R. Civ. P. 141. No one has filed a
response to the motion of Jojos purporting to explain why good cause would warrant
deviation at bar from the directive of Rule 131. Accordingly, we grant the motion and
modify our judgment rendered in this cause to also order that all costs of court incurred in
the preparation for trial and trial of the cause below (including guardian ad litem fees) be
paid by Jermaine McFadden and Maria McFadden. We intend by this to also include
within the scope of "court costs" all court costs incurred in relation to the pursuit of any and
all post-judgment relief sought in the trial court.

 

 Brian Quinn

 Justice

 



l court judgment providing that Steve W. Sterquell,
Individually and as Trustee of the Steve W. Sterquell Profit Sharing Trust recover from
Richard K. Archer, M.D., Individually and as Trustee of the Richard K. Archer, M.D., P.A.
Profit Sharing Plan & Trust, and Reba Land, Inc., is affirmed; (2) that part of the trial court
judgment providing that Steve W. Sterquell, Individually and as Trustee of the Steve W.
Sterquell Profit Sharing Trust recover judgment for exemplary damages from Richard K.
Archer, M.D., Individually, is reformed to provide that Steve W. Sterquell, Individually and
as Trustee of the Steve W. Sterquell Profit Sharing Trust recover from Richard K. Archer,
M.D., Individually, judgment for exemplary damages in the amount of Four Hundred Seven
Thousand, Seven Hundred Ninety and no/100 dollars ($407,790).

 

 Phil Johnson

 Chief Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.